**NOT FOR PUBLICATION**

FILED

AUG 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEN CALLEN and CHRISTOPHER LEACH, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs - Appellants,

v.

RESONANT, INC.; MARTIN S. MCDERMUT; MICHAEL J. FOX; RUBEN CABALLERO; ALAN B. HOWE; JACK H. JACOBS; JOSHUA JACOBS; JEAN F. RANKIN; ROBERT TIRVA; GEORGE B. HOLMES,

Defendants - Appellees.

No. 25-2396

D.C. No.
2:22-cv-03403-FLA-AS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted August 7, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs Ken Callen and Christopher Leach brought this putative securities-fraud class action under Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 against Resonant, Inc., members of Resonant's board of directors, and Resonant's Chief Financial Officer (collectively, "Defendants"). Plaintiffs contend that the district court erred in dismissing the Second Amended Complaint ("SAC") for failure to state a claim without leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo the district court's dismissal of a complaint for failure to state a claim . . . ." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). We review the district court's denial of leave to amend for abuse of discretion, but we review the question of futility of amendment de novo. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016).

1. The district court correctly dismissed the SAC for failure to plead loss causation. Loss causation is a required element of a Section 14(e) claim.[1] *See In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1055 & n.2 (9th Cir. 2023). "To show

[1] Because we affirm the dismissal of Plaintiffs' Section 14(e) claim on the ground that Plaintiffs fail to plead loss causation, we need not reach the other elements of Plaintiffs' Section 14(e) claim. Additionally, because Plaintiffs' Section 14(e) claim fails, Plaintiffs' Section 20(a) claim also fails. *See Varjabedian v. Emulex Corp.*, 888 F.3d 399, 403 n.2 (9th Cir. 2018) ("Claims under Section 20(a) necessarily rise and fall with the other securities claims.").

loss causation, a plaintiff must prove both economic loss and proximate causation." *N.Y.C. Emps.' Ret. Sys. v. Jobs*, 593 F.3d 1018, 1023 (9th Cir. 2010), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc). Plaintiffs must plead all elements of their Section 14(e) claim, including loss causation, with particularity pursuant to Federal Rule of Civil Procedure 9(b). *See Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 605 (9th Cir. 2014).

Plaintiffs allege that, but for Defendants' purportedly false or misleading statements, Resonant's shareholders would have rejected Murata Electronics North America, Inc.'s ("Murata America") $4.50 per share tender offer as "unfair and inadequate," and either (1) Resonant's share value would have increased to more than $4.50 per share or (2) Murata America would have reoffered to acquire Resonant at a higher share price. Plaintiffs fail to plead loss causation plausibly and with particularity under either theory.

First, Plaintiffs fail to plead adequately that Resonant's share value would have been higher than $4.50 per share without the merger with Murata America. On October 22, 2021, Resonant rejected Murata America's offer of $4.00 per share. Resonant later rejected Murata America's December 9, 2021, and January 25, 2022, offers of $4.20 per share. On November 9, 2021, Resonant secured a financial advisor, which attempted to solicit offers from eleven other companies.

By January 25, 2022, seven companies had not responded to Resonant's solicitation, only two of the four companies that responded signed a nondisclosure agreement, and no company apart from Murata America submitted an offer. Murata America offered $4.50 per share on January 30, 2022. On February 14, 2022, the date of entry into the merger agreement, Resonant's share price had fallen to a 52-week all-time low of only $1.24 per share, and its revenue was down 70% year over year. Plaintiffs' suggestion that Resonant's share price would have increased to over $4.50 absent the merger is too speculative to adequately plead loss causation. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064-65 (9th Cir. 2008) (declining to "indulge unwarranted inferences" in support of loss causation).

Plaintiffs allege that analysts' price targets between August 12, 2021, and January 14, 2022, showed that Resonant's "true value" was above $4.50 per share. However, the price targets were based on Resonant's reaching cashflow breakeven in 2022 by securing additional contracts, and Plaintiffs do not allege that Resonant ever did so or was likely to do so. Additionally, the analysts' price targets were made before Resonant's significant decrease in stock price and revenue and its failure to receive any other offers. Plaintiffs' suggestion that analysts' price targets represented Resonant's true value is therefore too speculative to adequately plead loss causation. *Id.*

Second, Murata America's January 30, 2022, offer of $4.50 per share was its fourth, "last, best and final offer," and Plaintiffs fail to plead adequately that Murata America would have reoffered at more than $4.50 per share. At best, "plaintiffs' explanation is merely *possible* rather than plausible," which does not adequately plead loss causation. *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013).

Finally, Plaintiffs' allegation that Murata America had "insider" information that allowed it to obtain an unfairly low share price lacks particularity. Plaintiffs do not identify *what* information Murata America possessed that other potential buyers did not or *how* that information enabled it to obtain an unfairly low share price.

2. Plaintiffs did not request leave to amend, and therefore waived any argument that they should have another chance to amend, the SAC with factual allegations from the Delaware Court of Chancery's May 23, 2024, bench ruling ("Delaware Bench Ruling") in a similar shareholder suit. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) ("An issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." (citation modified)).[2]

---

[2] The district court also did not abuse its discretion by failing to take judicial notice of factual allegations in the Delaware Bench Ruling because Plaintiffs made no such request and, in any event, courts may not take "judicial notice of another

**AFFIRMED.**

court's opinion . . . 'for the truth of the facts recited therein.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (citation omitted).

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**

- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**

- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**

**A. Panel Rehearing:**

- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ➢ A material point of fact or law was overlooked in the decision;
  - ➢ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ➢ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Rehearing En Banc**

- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - ➢ Consideration by the full Court is necessary to secure or maintain uniformity of the Court’s decisions; or
  - ➢ The proceeding involves a question of exceptional importance; or

- The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**

- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**

- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**

- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**

- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

Name of party/parties requesting costs to be taxed:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| **COST TAXABLE** | **REQUESTED** *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee/Appeal from District Court filing portion of fee ($5) | | | | $ |
| | | | **TOTAL:** | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*